# UNITED STATE BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re:  PAUL S. WHEATON | : | Chapter 7 |
| | : | |
| Debtor. | : | Case No. 20-13664-PPM |

| | | |
|---|---|---|
| **HEIDI ELIZABETH FIEDLER f/k/a** | : | |
| **HEIDI ELIZABETH WHEATON** | : | |
| Plaintiff, | : | Adv. No. |
| vs. | : | |
| | : | Nondischargeability |
| **PAUL S. WHEATON** | : | |
| Defendant/Debtor. | : | |

## COMPLAINT

AND NOW, comes Heidi Elizabeth Fiedler, by and through her counsel, Filer & Schwab, to file a complaint in nondischargeability against Paul S. Wheaton, respectfully stating in support thereof:

### JURISDICTION

1  This Court has jurisdiction over the matter pursuant to 28 U.S.C. § 157.

2  This action is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

3  The venue is proper pursuant to 28 U.S.C. § 1409.

4  The Legal Predicates for the relief requested is 11 U.S.C. § 523(a)(15) & Fed. R. Bankr. P. 4004.

5  Pursuant to Federal Rule of Bankruptcy Procedure 4004, "in a chapter 7 case, a complaint, or a motion under §727(a)(8) or (a)(9) of the Code, objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting

of creditors under §341(a)."

6    On January 5, 2021, the Trustee held the 341 meeting for the first time.

## PARTIES

7    Heidi Elizabeth Fiedler is an adult individual with a current address of 432 E. Wesner Rd., Blandon, PA 19510. She is the former spouse of Paul S. Wheaton.

8    Paul S. Wheaton, the debtor, is an adult individual with a last known address of 2860 Yellow Goose Road, Lancaster, PA 17601.

9    Jay Linard is an adult individual with a last known address of 175 River Road, New Ringgold, PA 17960. He is owed approximately $1,300,000.00 from the Debtor.

10    S&T Bank is a domestic banking corporation with a registered address of 800 Philadelphia Street, Indiana, PA 15701. It is owed approximately $532,412.87 from the Debtor.

11    Patrick Stillman is an adult individual with a last known address of 1505 Newport Rd., Manheim, PA 17545. He is owed approximately $200,000.00 from the Debtor.

## FACTUAL ALLEGATIONS

12    The Debtor and Ms. Fiedler were married on September 4, 1994.

13    During the Marriage Ms Fiedler worked for the Debtor's many companies.

14    As part of her marriage and working relationship with the Debtor, Ms. Fiedler was required to co-sign on the Debtor's business loans. Marital Settlement Agreement pg. 25.

15    On September 23, 2011, Ms. Fiedler filed for divorce.

16    On November 4, 2015, the Debtor and Ms. Fiedler entered into a property settlement agreement as part of their divorce.

17   On July 7, 2017, Ms. Fiedler obtained a court order to enforce the settlement agreement.

18   As part of the marital settlement agreement, Ms. Fiedler transferred her business interests in Maibach, LLC, Lancaster Propane Gas, Liberty Community Gas, LLC, and Atlantec BioEnergy Corporation, to the Debtor. Marital Settlement Agreement pg 26.

19   She also transferred her ownership interests in the Yellow Goose Road property. Marital Settlement Agreement 12.2.

20   Under the agreement, Ms. Fiedler was to be paid the sum of $2,000,000.00 subject to specified payment dates and interest rates. Marital Settlement Agreement pg. 14.

21   Ms. Fiedler received an initial payment of $670,000.00 in 2015.

22   To date Ms. Fiedler is still owed $1,484,166.61 plus ongoing monthly interest payment(s) in the amount of $10,833.00.

23   Additionally under the agreement, Ms. Fiedler was to be indemnified, exonerated and held harmless for the loans to Jay Linard, Patrick Stillman, and S&T Bank by the Debtor. Marital Settlement Agreement pgs. 24-28.

24   On January 22, 2020, Ms. Fiedler obtained a court order to sell the Debtor's property at 2860 Yellow Goose Road, Lancaster, PA. .

25   On September 11, 2020, the Debtor filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code.

26   On December 2, 2020, by motion of the Debtor, the case was converted to a Chapter 7 Bankruptcy.

27   Subsequently, Christine C. Shubert was appointed as the Chapter 7 Trustee.

28   On January 5, 2021, the Trustee held the 341 meeting for the first time.

### COUNT I: NONDISCHARGEABILITY OF DEBTS OWED TO HEDI FIEDLER PURSUANT TO 11 U.S.C. § 523

29     Ms. Fiedler incorporates paragraphs 1 through 28 as if more fully set forth in detail.

30     Pursuant to 11 U.S.C. § 523(a)(15) "A discharge under section 727, 1141, 1192 [1] 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit" 11 U.S.C. § 523(a)(15).

31     As stated above Ms. Fiedler is personally owed $1,484,166.61 plus ongoing monthly interest payment(s) in the amount of $10,833.00 from the Debtor pursuant their Marital Settlement Agreement.

32     This Debt is nondischargeable under 11 U.S.C. § 523(a)(15).

**WHEREFORE**, Ms. Fiedler respectfully requests that this Honorable Court enter an Order determining that the $1,484,166.61 and the interest payments owed to her personally are nondischargeable, and awarding her costs, and for whatever such further relief as the Court deems just and fair.

### COUNT II: NONDISCHARGEABILITY OF INDEMNIFICATION OWED TO MS. FIEDLER FOR THE DEBTS OWED BY THE DEBTOR TO JAY LINARD, PATRICK STILLMAN, AND S&T BANK PURSUANT TO 11 U.S.C. § 523

33     Ms. Fiedler incorporates paragraphs 1 through 32 as if more fully set forth in

detail.

34    Pursuant to 11 U.S.C. § 523(a)(15) "A discharge under section 727, 1141, 1192 [1] 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit" 11 U.S.C. § 523(a)(15).

35    As stated above, during the Marriage Ms Fiedler worked for the Debtor's many companies.

36    As part of her marriage and working relationship with the Debtor, Ms. Fiedler was required to co-sign on the Debtor's business loans. Marital Settlement Agreement pg. 25.

37    On November 4, 2015, the Debtor and Ms. Fiedler entered into a property settlement agreement as part of their divorce.

38    As part of the marital settlement agreement, Ms. Fiedler transferred her business interests in Maibach, LLC, Lancaster Propane Gas, Liberty Community Gas, LLC, and Atlantec BioEnergy Corporation, to the Debtor. Marital Settlement Agreement pg 26.

39    She also transferred her ownership interests in the Yellow Goose Road property. Marital Settlement Agreement 12.2.

40    As part of this transaction, Ms. Fiedler was to be indemnified, exonerated and held harmless for the loans to Jay Linard, Patrick Stillman, and S&T Bank by the Debtor. Marital Settlement Agreement pgs. 24-28.

41    This indemnification is nondischargeable under 11 U.S.C. § 523(a)(15).

**WHEREFORE**, Ms. Fiedler respectfully requests that this Honorable Court enter an Order determining that the indemnification of the debts owed to Jay Linard, Patrick Stillman, and S&T Bank are nondischargeable, and awarding her costs, and for whatever such further relief as the Court deems just and fair.

                      **FILER & SCHWAB:**

Date: March 2, 2021        BY:    /s/ Eric James Filer
                        **ERIC JAMES FILER, ESQUIRE**
                        Attorney ID #316314
                        811-1 Blakeslee Blvd Drive East
                        P.O. Box 56, Lehighton, PA 18235
                        (610) 377-5200; (610) 377-5209 (FAX)
                        efiler@uslawcenter.com

2-15-18 EJF Apts. & Aquisitions 18354-2.285